ACCEPTED
12-15-00169CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/10/2015 10:47:35 PM
CATHY LUSK
CLERK

NO. 12-15-00169-CV

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF TEXAS 8/10/2015 10:47:35 PM
AT TYLER

EARL ANDERSON, CARRIE BELL SCOTT, SHARON ANDERSON,
EVANCE ANDERSON, BILL BURTON, WILLIE MAE ANDERSON
AND JERRY J. ANDERSON (SMITH),
Appellants,

V.

ROBERT LOUIS DURHAM AND FRANK L. ZELLERS, III
Appellees

**FILED**

8/10/2015

**Twelfth Court of Appeals
Cathy Lusk
Clerk**

_____

On appeal from the 173rd District Court
Henderson County, Texas
Trial Court No. 2012A-0662

_____

**BRIEF OF APPELLANT**

_____

LANA JOHNSON
*State Bar number* 10763650
P. O. Box 816325
Dallas, TX 75381-6325
ATTORNEY FOR APPELLANTS

ORAL ARGUMENT IS NOT REQUESTED

IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

PARTIES                                          COUNSEL

Plaintiffs:
EARL ANDERSON, CARRIE BELL SCOTT          LANA JOHNSON
SHARON ANDERSON, EVANCE ANDERSON,          P. O. Box 816325
BILL BURTON, WILLIE MAE ANDERSON,          Dallas, TX 75381-6325
AND JERRY J. ANDERSON (SMITH)

Defendants:
ROBERT LOUIS DURHAM AND                    JOHN J. COPE
                                           COPE LAW FIRM
                                           9284 Huntington Square, Ste 100
                                           North Richland Hills, TX 76182

FRANK L. ZELLERS, III                      No Counsel

**TABLE OF CONTENTS**

                                                              Page

IDENTITY OF PARTIES AND COUNSEL _____          ii

INDEX OF AUTHORITIES_____                       iv

STATEMENT OF THE CASE_____                      v

STATEMENT OF JURISDICTION_____                  viii

ISSUES PRESENTED_____                           ix

STATEMENT OF FACTS_____                         1

SUMMARY OF THE ARGUMENT_____                    4

ARGUMENT AND AUTHORITIES_____                   4

    *Point of Error Number One*

        **The Trial Court erred by granting the no evidence and**     **4**
        **traditional motions for summary judgment.**

    *Point of Error Number Two*

        **The trial court erred by striking the Andersons'**
        **affidavits and certified evidence.**                        9

CONCLUSION_____                                 10

CERTIFICATE OF SERVICE_____                     10

APPENDIX_____                                   11

Trial court's final judgment signed May 19, 2015
Trial court's order granting motion to strike evidence

## INDEX OF AUTHORITIES

**CASES**                                                                 **Page**

*Brown v. Ultramar Diamond Shamrock Corp.*, No. 13-02-535
**(Tex.App.-Corpus Christi 2004)**                                             6

*Spivy v. March,* **151 S. W. 1037 (Tex. 1912)**                              5

*Texas Integrated Conveyor Systems v Innovtive Conveyor,*
300 S.W.3d 348 (Tex.App.-Dallas 2009)                                         6

**TEXAS CONSTITUTION, STATUTES, AND RULES**

**Texas Civil Practices and Remedies Code, Section 37.004**                   **6**

**Tex. Estates Code 101.001**                                                 7

**T.R.C.P, Rule 166A**                                                        **6**

*Tex. Rules of Evidence, Rule 804*                                            **9**

# STATEMENT OF THE CASE

This is an action to set aside the Order Granting Defendant Robert L. Durham's Amended Motion for No Evidence and Traditional Summary Judgment and to set aside the Order on Robert L. Durham's Second Motion to Strike Plaintiffs' Summary Judgment Evidence. The Order Granting Defendant Robert L. Durham's Amended Motion for No Evidence and Traditional Summary Judgment dismissed Appellants' claims rather than granting judgment in favor of Appellee (hereinafter Durham). (Supp. CR 1) Appellants (hereinafter Andersons) alleged that they own real property located in Henderson County, Texas and that Durham lacks properly executed documents required to obtain title to the land in question and cannot not claim adverse possession by peaceable means under the Texas Property Code. (CRII 111) Durham filed an original answer (CR 4) and after Andersons filed a Notice of Trial Setting (CR 7) Durham filed a motion for continuance (CR 9), and substitution of counsel (CR 14). Durham filed an unverified amended answer (CR 17) and Robert Louis Durham's Counterclaims and Request for Disclosures alleging title from Frank L. Zellers, III and Gayle Zellers with reference to an unattached Exhibit A without connection to the recorded chain of title to the property in question and also alleging adverse possession. (CR 21) Durham filed Defendant Robert L. Durham's Motion for No Evidence Summary Judgment (CR 27) after

Andersons agreed to the continuance.  Andersons filed Plaintiffs'
Response to Defendant's No Evidence Motion for Summary Judgment (CR
32) objecting to Durham's challenge to sufficiency of pleadings by
motion for summary judgment rather than special exceptions.  Durham
filed Robert L. Durham's Motion to Strike Plaintiffs' Incompetent
Summary Judgment Evidence (CR 63) and a second motion to strike (CR
74).  Andersons filed Plaintiffs' First Amended Petition for
Declaratory Judgment (CR 83).  Durham filed a post hearing sur-
reply to Andersons' response to his motion for summary judgment.
(CR 87) Durham filed Defendant Robert L. Durham's Amended Motion
for No Evidence and Traditional Summary Judgment (CR 96) and notice
of hearing (CR 109).  Andersons filed Plaintiffs' Second Amended
Petition for Declaratory Judgment and Answer to Counterclaim (111)
after only page 5 uploaded in the system (CR 94).  Andersons filed
Plaintiffs' Motion for Continuance (CR 116) and notice of hearing
(119).  Durham filed a response in opposition to continuance (120).
Andersons filed Plaintiffs' Response to Defendant Robert L.
Durham's Amended Motion for No Evidence and Traditional Summary
Judgment.  (CR 133) Late Friday May 1, 2015 just prior to the
hearing on Monday May 4, 2015, Durham filed motions to strike
Plaintiffs' affidavit of family history (CR 212) and Robert L.
Durham's Second Motion to Strike Plaintiffs' Summary Judgment
Evidence (CR 232) without notice of hearing.  The trial court
entered Order on Robert L. Durham's Second Motion to Strike

Plaintiffs' Summary Judgment Evidence (CR 240) and Order Granting

Defendant Robert L. Durham's Amended Motion for No Evidence and

Traditional Summary Judgment disposing of all parties and all

claims.  (Supp. CR 1) No appearance or answer was ever filed for

Defendant Frank L. Zellers, III.  Andersons timely filed Notice of

Appeal on May 19, 2015.  (CR 243)

## STATEMENT OF JURISDICTION

This Court has jurisdiction over a final judgment entered by the 173rd Judicial District Court pursuant to the Texas Rules of Appellate Procedure.

## ISSUES PRESENTED

**Issue Number One**

Did the trial court err by granting summary judgment?  Does limitations apply to fundamental deed errors?  Are all named parties necessary for final disposition of a civil case?  Is no evidence summary evidence the proper procedure for attacking pleadings for failure to allege a claim rather than by special exception?  Does due process require granting continuance of the hearing on motion for summary judgment to resolve conflicting evidence and inferences?

**Issue Number Two**

Did the trial court err by granting Durham's motion to strike evidence?

## STATEMENT OF FACTS

On June 20, 2012 the Andersons filed an Original Petition for Declaratory Judgment seeking declaratory judgment quieting title to real property inherited from their ancestors that Durham had encroached and may have claimed outside the chain of title requesting citation and service on two defendants. (CR 1) Durham filed Defendant's Original Answer with a general denial. (CR 5) No answer or appearance was made by Defendant Frank L. Zellers, III. The Andersons conducted discovery and attempted to resolve the case. On August 26, 2014 the Andersons filed a notice of trial setting for October 20, 2014. (CR 7) On September 17, 2014 Durham filed a motion for continuance (CR 9) and on September 19, 2014 Durham filed a motion for substitution of counsel. (CR 14) On October 6, 2014 Durham filed an unverified amended answer, affirmative defenses and request for disclosures (CR 17) and the unverified Robert Louis Durham's Counterclaims and Request for Disclosures (CR 21). The Andersons agreed to continuance in a spirit of cooperation and justice.

On December 30, 2014 with new counsel, Durham filed Defendant Robert L. Durham's Motion for No Evidence Summary Judgment (CR 27) alleging that the case had been languishing without prosecution and that the Andersons had no standing or could not substantively prevail. The Andersons filed a response to the motion with supporting affidavits showing standing and objecting to use of

summary judgment to attack pleadings rather than special exception. (CR 32) On February 6, 2015 Durham filed a motion to strike alleging that the Anderson's opposition evidence was incompetent. (CR 63) On February 9, 2015 the Andersons filed an Affidavit in Opposition to No Evidence Motion for Summary Judgment setting forth family history and providing deed references to show title to the property in question.  (CR 71) On February 11, 2015, Durham filed a second motion to strike (CR 74), a motion to strike affidavit of family history (CR 212), and on May 1, 2015 a second motion to strike the Andersons' summary judgment evidence(CR 232).

On April 8, 2015 Durham filed his amended motion for no evidence and traditional summary judgment.  (CR 96) On April 10, 2015 the Andersons filed their second amended petition and answer to counterclaim.  (CR 111) On April 17, 2015 the Andersons filed a motion for continuance requesting postponement of the hearing set on May 4, 2015 to allow time for responses to their discovery requests in order to allow proper response to Durham's motion for summary judgment.  (CR 116) Durham filed a response opposing continuance (CR 120) On April 24, 2015 Durham filed a Certificate of Written Discovery signed on September 24, 2014 purporting service of said discovery.  (CR 129)

On April 30, 2015 the Andersons filed their response to Durham's amended motion for no evidence and traditional motion for summary judgment.  The Andersons traced the title to the property

in question and showed that Durham had no record title because he claimed that he acquired the property from Frank L. Zellers and the Henderson County Deed Records shows that the deed to Frank L. Zellers was illegible and could not be published (CR 175) and is invalid for transfer to Durham from an individual who was not a representative of Anderson County Land & Cattle Co. to Frank L. Zellers, III. No reference to change of ownership from Anderson County Land & Cattle Co. to the individual or Foresight Investment nor to proper agency for transfer to Frank L. Zellers. The Andersons owned the brand or cattle in Henderson County, Texas. The Andersons were denied due process and the trial court erred by not allowing them time to obtain and present evidence of their cattle brand and by granting summary judgment when the record showed Durham's lack of title.

The trial court entered Order on Robert L. Durham's Second Motion to Strike Plaintiffs' Summary Judgment Evidence (CR 240) and Order Granting Defendant Robert L. Durham's Amended Motion for No Evidence and Traditional Summary Judgment disposing of all parties and all claims. (Supp. CR 1) Andersons timely filed Notice of Appeal on May 19, 2015. (CR 243)

## SUMMARY OF THE ARGUMENT

*Point of Error Number One*

    The trial court erred by granting the Durham's motion for summary judgment and dismissing the Andersons' claims against Durham. Fact questions existed that required resolution by trial. All inferences must be resolved against the Movant in a summary judgment proceeding and the trial court erred by resolving all inferences in favor of the Movant Durham. Therefore, summary judgment was inappropriate in the instant case and the judgment must be set aside. Further, the trial court entered no evidence summary judgment rather than ordering Durham to file special exceptions. The trial court abused its discretion by denying the Andersons' motion for continuance to develop the evidence concerning Durham's title.

*Point of Error Number Two*

    The trial court erred by striking the Andersons' affidavits and certified evidence.

## ARGUMENT AND AUTHORITIES

### POINTS OF ERROR
### *Point of Error Number One*

    The Trial Court erred by granting the no evidence and traditional motions for summary judgment.

    A.   TRADITIONAL MOTION

    It is well settled under Texas Law that when a movant files a motion for summary judgment based on summary judgment evidence, the court can grant the motion only when the movant's evidence proves, as a matter of law, all the elements of the movant's cause of action or defense, or disproves the facts of at least one element in the non-movant's cause or

-4-

defense.

When evaluating a motion for summary judgment, the court must:

1.   Assume all the non-movant's proof is true;

2.   Indulge every reasonable inference in favor of the non-movant; and

3.   Resolve all doubts about the existence of a genuine issue of material fact against the movant.

Fact questions existed that defeated the summary judgment in favor of Durham. Durham's traditional motion for summary judgment is based upon limitations and the validity of the deed purportedly signed by B. A. Anderson and Martha Anderson. The controversy revolves around a document recorded in the Deed Records of Henderson County on March 6, 1935 purportedly executed on May 11, 1932 by B. A. Anderson by "X" mark and from his wife Martha Anderson to T. B. Wofford and Bush Wofford. (CR 108) Said deed has been altered and contains several strikes through undecipherable sentences under the section for approval by a wife. Without a properly executed deed, title does not pass under Texas law. (*See Spivy v. March,* 151 S. W. 1037 (Tex. 1912)) The alterations in the deed prevent a reasonable determination of the certificate necessary for approval by Martha Anderson, as wife of B. A. Anderson. The delay in recording confirms the suspicion that the deed was not properly executed.

The Andersons presented affidavits and certified copies of public record documents which showed defects in Durham's chain of title. (CR 175 - 193) The Court made inferences from its findings in *favor of the Movant and not against the Movant as required by Rule 166A.* The Court made the inference that Durham's defect in title was insignificant and the Andersons could not show that the Anderson County Cattle Company was connected to their family. Therefore, the trial erred by granting Durham's motions. The Andersons have been denied due process of law and request their day in court.

B. NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

Durham's motion was based upon his allegation that the Andersons have no evidence under 3 points.

1.1 The Andersons can submit their claim for declaratory judgment and trespass to try title is not required.

Tex. Civ. Prac. & Rem. Code provides in part:

**§ 37.004. Subject Matter Of Relief**
**(a)**
**A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.**

Durham relied on Subsection c of 37.0004 to mandate trespass to try title except boundary disputes. However, he acknowledged that the Court can recharacterize the Andersons' pleadings to trespass to

try title.  Therefore, the trial court could not base its order on this contention.  It is without merit.

2.  Durham's second point for no evidence summary judgment was that the Andersons lack standing to bring this lawsuit.

2.1 Durham challenged the Andersons' standing and raised the defect of parties issue that is required to be verified. Therefore, the trial court could not base its order granting summary judgment on this issue. The Andersons are the direct descendants of B. A. (Barrel or Bass) Anderson and his only wife Martha Anderson.  The family history proves standing (CR 71 - 73).  Affidavit of Facts (CR 195- 197) provides that they had twelve children and provides notice to the public of their claim to the property in question filed on August 1, 2006.  The trial court improperly struck this affidavit that was a matter of public record.

2.2 It is well settled under Texas law that title passes to the Decedents heirs at the time of death.  The Texas Estates Code provides:

> **§ 101.001. Passage Of Estate On Decedent's Death**
> **(a)**
>  **Subject to Section 101.051, if a person dies leaving a lawful will:**
> **(1)**
>  **all of the person's estate that is devised by the will vests immediately in the devisees;**
> **(2)**
>  **all powers of appointment granted in the will vest immediately in the donees of those powers; and**
> **(3)**
>  **all of the person's estate that is not devised by the will vests immediately in the person's heirs at law.**

**(b)**
Subject to Section 101.051, the estate of a person who dies intestate vests immediately in the person's heirs at law.

The Andersons showed that both B. A. Anderson and his wife Martha Anderson are dead and that they are their direct descendants and heirs. Therefore, Durham's citation of law fails to disprove their claim. Property passes to decedent's heirs at law at death.

The Andersons showed that Durham's deed from Frank Zellers, III is a cloud on their title because it stems from the Anderson County Cattle Company and in part from the contested deed from B. A. Anderson to two of the Woffords.

3. Durham asserted that the Andersons had no case or controversy.

Durham's amended answer places the case in dispute otherwise the Andersons' claim to the land is established. Durham alleged that his title derived from Frank L. Zellers. The Andersons submitted uncontroverted evidence that the conveyance to Frank L. Zellers is defective and the Andersons have a claim through the Anderson County Cattle Company as their cattle brand. The trial court erred by refusing to grant continuance to establish this evidence. Therefore, the trial court erred by granting the no evidence motion for summary judgment.

The Andersons were required to produce only a scintilla of probative evidence to defeat Durham's no evidence motion for summary judgment. The foregoing deeds more than meet that

requirement.  See *Brown v. Ultramar Diamond Shamrock Corp.*, No. 13-02-535 (Tex.App.-Corpus Christi 2004)and *Texas Integrated Conveyor Systems v Innovtive Conveyor,* 300 S.W.3d 348 (Tex.App.—Dallas 2009).  Therefore, the trial court erred by granting the no evidence motion for summary judgment.

### *Point of Error Number Two*

*The trial court erred by striking the Andersons' affidavits and certified evidence.*

Durham filed various motions to strike affidavits for lack of personal knowledge.  It is well settled under Texas law that family history may be provided on information and belief and therefore is not hearsay if the issue in the case does not involve parentage. Further, Rule 166a(c) provides inter alia:

> A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

Clearly, the Andersons' affidavits were made by interested witnesses who can provide testimony about their lineal heritage. *See Tex. Rules of Evidence, Rule 804.* No one is able to testify about his/her birth based upon personal  knowledge.  Family bibles and other hearsay documents are often relied upon to establish

birth and lineage. Resolution of this case does not resolve around heirship, rather the focus is on title to real property.

Durham contends that the Andersons' affidavits are not readily controverted, however, anyone with personal knowledge about the family of B. A. Anderson could easily controvert the affidavits if the statements are untrue. Census data and other records could provide family history dating back to 1940 when B. A. Anderson died. Durham cannot controvert the family history contained in the Andersons' affidavit because the facts provided are indeed true.

## *CONCLUSION*

For these reasons, the Andersons, Appellants, request that this court grant review in this case and vacate the trial court's summary judgment. The Andersons also request any other relief to which he may be entitled.

Respectfully submitted,

*Lana Johnson*
_____
**LANA JOHNSON**
**Texas Bar No. 10763650**
**P. O. Box 816325**
**Dallas, TX 75381-6325**
**Tel. (903) 646-0672**
**Fax. (866) 447-7148**
**Attorney for Appellants**

## CERTIFICATE OF SERVICE

I certify that on August 10, 2015 a true and correct copy of the foregoing document was served to Appellee's Attorney of Record, by e-mail.

*Lana Johnson*
_____
**LANA JOHNSON**

-10-

## APPENDIX

1.    Trial court's final judgment signed May 19, 2015

2.    Trial court's order granting motion to strike evidence

3.    Tex. Civ. Prac. & Rem. Code §37.004

4.    T.R.C.P. Rule 166a

5.    Tex. Estates Code §101.001

6.    Tex. Rules of Evidence, Rule 804

CAUSE NO. 2012A-0662

| | | |
|---|---|---|
| EARL ANDERSON, CARRIE BELL SCOTT, SHARON ANDERSON, EVANCE ANDERSON, BILL BUNTON, WILLIE MAE ANDERSON, and JERRY J. ANDERSON (SMITH) Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 173RD JUDICIAL DISTRICT |
| ROBERT L. DURHAM Defendant. | §<br>§<br>§ | HENDERSON COUNTY, TEXAS |

FILED FOR RECORD
____ O'clock ____ M.
MAY 19 2015
By _____
District Clerk
Henderson County, Texas
_____, Deputy

## ORDER GRANTING DEFENDANT ROBERT L. DURHAM'S AMENDED MOTION FOR NO EVIDENCE AND TRADITIONAL SUMMARY JUDGMENT

After considering the Amended Motion for No Evidence and Traditional Summary Judgment filed by defendant Robert L. Durham ("Durham") against Earl Anderson, Carrie Bell Scott, Sharon Anderson, Evance Anderson, Bill Bunton, Willie Mae Anderson, and Jerry J. Anderson (Smith) ("Plaintiffs"), and any responses, replies, sur-replies, and/or other briefing and the evidence attached thereto concerning the foregoing, and the arguments of counsel, the Court:

GRANTS in all respects Durham's Amended Motion for No Evidence and Traditional Summary Judgment against Plaintiffs.

IT IS THEREFORE ORDERED that Plaintiffs' claims against Robert L. Durham are hereby DISMISSED.

This judgment finally disposes of all parties and all claims and is appealable.

SIGNED on _May 19_, 2015.

_____
JUDGE PRESIDING

1

| | |
|---|---|
| EARL ANDERSON, CARRIE BELL SCOTT, SHARON ANDERSON, EVANCE ANDERSON, BILL BUNTON, WILLIE MAE ANDERSON, and JERRY J. ANDERSON (SMITH)<br>Plaintiffs,<br><br>V.<br><br>ROBERT L. DURHAM<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>173RD JUDICIAL DISTRICT<br><br>OF HENDERSON COUNTY, TEXAS |

*FILED FOR RECORD At_____ O'clock_____M.*

*MAY 19 2015*

*District Clerk*
*Henderson County, Texas*
*By_____, Deputy*

## ORDER ON ROBERT L. DURHAM'S SECOND MOTION TO STRIKE PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE

On May 4, 2015, the Court considered the Motion to Strike filed by ROBERT L. DURHAM, Defendant herein, and is of the opinion that the Motion should be **GRANTED** in whole or in part, as specified below.

**IT IS, THEREFORE, ORDERED** that:

### I.

GRANTED      DENIED

[X] _____  Plaintiffs' Original Petition is hereby **STRICKEN** as substantive evidence.

[X] _____  Affidavit of Joe Cofer, in its entirety, is hereby **STRICKEN**.

_____ _____  Affidavit of Evance Anderson, in its entirety, is hereby **STRICKEN**.

_____ _____  Affidavit of Earl Anderson, in its entirety, is hereby **STRICKEN**.

_____ _____  Affidavit of Sharon Anderson, in its entirety, is hereby **STRICKEN**.

_____ _____  Affidavit of Jerry Anderson, in its entirety, is hereby **STRICKEN**.

## II.

In the alternative to striking the affidavits of Joe Cofer, Carrie Scott, Evance Anderson, Earl Anderson, Sharon Anderson, and Jerry Anderson in their entirety, the Court rules as following regarding objections to assertions by affiants:

**GRANTED  DENIED**

☐  ☑ The statement in paragraph 1: "I am one of the direct descendants of B.A. Anderson as set forth" is hereby **STRICKEN.**

☐  ☑ The statement in paragraph 1 of birth/death history of B.A. Anderson dating back to 1865 is hereby **STRICKEN.**

☐  ☑ The statement that B.A. Anderson signed his name with an "x" is hereby **STRICKEN.**

☐  ☑ The statements of B.A. Anderson's marital history are hereby **STRICKEN.**

☐  ☑ The statements regarding the birth/death history of Martha Anderson are hereby **STRICKEN.**

☐  ☑ The statement that Martha Anderson could read and write and was a school teacher is hereby **STRICKEN.**

☑  ☐ The statement in paragraph 3: "B.A. Anderson lived on the property, farmed it with his wife Martha Anderson until his death and raised twelve children" is hereby **STRICKEN.**

☑  ☐ The statement in paragraph 3:"Therefore, B.A. Anderson continued to live on the property for eight years after the purported deed to T.B. Wofford and Bush Wofford" is hereby **STRICKEN.**

☑  ☐ The statement in paragraph 3: "Martha Anderson was forced off the property following the death of B.A. Anderson by the Henderson County Sheriff without proper eviction orders in violation of her right to due process of law" is hereby **STRICKEN.**

☑  ☐ The statement in paragraph 3: "T.B. Wofford was a minor in 1932 and B.A. Anderson owed him and Bush Wofford no money, therefore the cancellation of notes for the Vendor's Lien could not constitute valuable consideration" is hereby **STRICKEN.**

☑  ☐ Paragraph 4, in its entirety, is hereby **STRICKEN.**

SIGNED on _Mar 19_, 2015.

_[signature]_

JUDGE PRESIDING

**Texas Statutes**

**Civil Practice and Remedies Code**

**Title 2. Trial, Judgment, And Appeal**

**Subtitle C. Judgments**

**Chapter 37. Declaratory Judgments**

*Current through the 2013 Regular and Special Sessions*

**§ 37.004. Subject Matter Of Relief**

(a)

A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

(b)

A contract may be construed either before or after there has been a breach.

(c)

Notwithstanding Section 22.001 , Property Code, a person described by Subsection (a) may obtain a determination under this chapter when the sole issue concerning title to real property is the determination of the proper boundary line between adjoining properties.

**Cite as Tex. Civ. Prac. and Rem. Code § 37.004**

**History.** Amended by Acts 2007, 80th Leg., R.S., Ch. 305, Sec. 1, eff. June 15, 2007.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

**TEXAS RULES OF CIVIL PROCEDURE**

**Part II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS**

**§ 8. PRE-TRIAL PROCEDURE.**

*As amended through June 10, 2014*

**Rule 166a. SUMMARY JUDGMENT**

(a) **For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages.

(b) **For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

(c) **Motion and Proceedings Thereon.** The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

(d) **Appendices, References and Other Use of Discovery Not Otherwise on File.** Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs: (i) at least twenty-one days before the hearing if such proofs are to be used to support the summary judgment; or (ii) at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

(e) **Case Not Fully Adjudicated on Motion.** If summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the judge may at the hearing examine the pleadings and the evidence on file, interrogate counsel, ascertain what material fact issues exist and make an order specifying the facts that are established as a matter of law, and directing such further proceedings in the action as are just.

(f) **Form of Affidavits; Further Testimony.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

(g) **When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(h) **Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending

party or attorney may be adjudged guilty of contempt.

(i) **No-Evidence Motion.** After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

**Texas Statutes**

**Estates Code**

**Title 2. Estates Of Decedents; Durable Powers Of Attorney**

**Subtitle C. Passage Of Title And Distribution Of Decedents' Property In General**

**Chapter 101. Estate Assets In General**

**Subchapter A. Passage And Possession Of Decedent's Estate On Death**

*Current through the 2013 Regular and Special Sessions*

**§ 101.001. Passage Of Estate On Decedent's Death**

(a)

 Subject to Section 101.051, if a person dies leaving a lawful will:

(1)

 all of the person's estate that is devised by the will vests immediately in the devisees;

(2)

 all powers of appointment granted in the will vest immediately in the donees of those powers; and

(3)

 all of the person's estate that is not devised by the will vests immediately in the person's heirs at law.

(b)

 Subject to Section 101.051, the estate of a person who dies intestate vests immediately in the person's heirs at law.

**Cite as Tex. Estates § 101.001**

**History.** Added by Acts 2009, 81st Leg., R.S., Ch. 680, Sec. 1, eff. January 1, 2014.

Rule 804. Hearsay Exceptions; Declarant Unavailable.

**Texas Rules**

**TEXAS RULES OF EVIDENCE**

**Article 8. HEARSAY**

*As amended through June 10, 2014*

**Rule 804. Hearsay Exceptions; Declarant Unavailable**

**(a) Definition of Unavailability.** "Unavailability as a witness" includes situations in which the declarant:

(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement;

(2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so;

(3) testifies to a lack of memory of the subject matter of the declarant's statement;

(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5) is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance or testimony by process or other reasonable means.

A declarant is not unavailable as a witness if the declarant's exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrong-doing of the proponent of the declarant's statement for the purpose of preventing the witness from attending or testifying.

**(b) Hearsay Exceptions.** The following are not excluded if the declarant is unavailable as a witness:

(1) Former Testimony. In civil cases, testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in the course of another proceeding, if the party against whom the testimony is now offered, or a person with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. In criminal cases, testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered had an opportunity and similar motive to

develop the testimony by direct, cross, or redirect examination. In criminal cases the use of depositions is controlled by Chapter 39 of the Code of Criminal Procedure.

(2) Dying Declarations. A statement made by a declarant while believing that the declarant's death was imminent, concerning the cause or circumstances of what the declarant believed to be impending death.

(3) Statement of Personal or Family History.

(A) A statement concerning the declarant's own birth, adoption, marriage, divorce, legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history even though declarant had no means of acquiring personal knowledge of the matter stated; or

(B) A statement concerning the foregoing matters, and death also, of another person, if the declarant was related to the other by blood, adoption, or marriage or was so intimately associated with the other's family as to be likely to have accurate information concerning the matter declared.

**History.** Added Feb. 25, 1998, eff. March 1, 1998.